UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-4882-SK Date: September 3, 2026
Title Aman Kumar v. Markwayne Mullin, et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| A. Silva-Elder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER CONDITIONALLY GRANTING PETITION IN PART (*RODRIGUEZ* BOND HEARING)**

The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is CONDITIONALLY GRANTED IN PART. Petitioner **Aman Kumar (A# 246-611-329)** is ordered release from custody within 14 days of this order, unless he is provided a *Rodriguez* bond hearing with at least 7 days' written notice of the hearing date, so that petitioner can prepare for the hearing, request the proper foreign-language interpreter, and (if he so chooses) secure retained immigration counsel's appearance at that hearing. To those ends, nothing in this order impairs or limits an immigration judge's ordinary discretion to continue the hearing for a reasonable period based on a valid showing of good cause. *See*, *e.g.*, 8 C.F.R. § 1003.29. Partial judgment in petitioner's favor will be entered separately.[1]

IT IS SO ORDERED.

[1] No motion to enforce the court's judgment following the bond hearing ordered here, or a new habeas petition challenging the outcome of that bond hearing, will be entertained without a certified transcript of the hearing or at least an authenticated copy of the digital audio recording of that hearing. Nothing in that instruction, however, should be construed as addressing—one way or the other—whether this court would have jurisdiction to review the challenge or whether administrative exhaustion should be enforced. Otherwise, the court retains jurisdiction over any new petition filed by petitioner **Aman Kumar (A# 246-611-329)** in this district so long as he is in continuous custody of the government within the Central District of California based on the same events alleged in the petition now decided.